FILED

JUN 06 2013



CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| MARK CASHMAN, Personal Representative of the MARGUERITE CASHMAN ESTATE, | * * * * | CIV 13-3002-RAL |
| Plaintiff, | * * | OPINION AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS |
| vs. | * * | |
| CHS, INC., | * * | |
| Defendant. | * | |

This case arises out of a propane gas explosion on October 12, 2007, at the house of Darrick Van Dyke ("Van Dyke"), which caused extensive fire damage to the neighboring house of Marguerite Cashman. Doc. 1 at ¶ 12. Defendant CHS had supplied propane gas to Van Dyke. Doc. 1 at ¶ 7. In 2013, roughly five and a half years after the explosion and fire, Mark Cashman ("Cashman"), the personal representative of the estate of Marguerite Cashman, filed this suit against CHS based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1 at ¶¶ 1, 3. Cashman alleges that CHS is strictly liable for manufacturing, designing, and distributing an unreasonably dangerous product and for failing to provide adequate warning of a possible propane leak through a gas detector. Doc. 1 at ¶¶ 18, 30. CHS under Federal Rule of Civil Procedure 12(c) filed a motion for judgment on the pleadings claiming that the three-year statute of limitations under S.D. Codified Law ("SDCL") § 15-2-12.2 has run. Doc. 6 at ¶ 1. Because the three-year statute of limitations has in fact run, CHS is entitled to judgment on the pleadings.

**I. Facts From Complaint**

On this motion for judgment on the pleadings, all facts pleaded by Cashman are presumed to be true and all inferences are made in Cashman's favor. See Ashley Cnty., Ark. v.

Pfizer, Inc., 552 F.3d 659, 663 (8th Cir. 2009). Cashman's Complaint filed January 23, 2013, and other matters of public record embraced by the pleadings provide the facts in resolving the motion. See Faibisch v. Univ. of Minnesota, 304 F.3d 797, 802-03 (8th Cir. 2002).

The estate of Marguerite Cashman is being probated in Jerauld County, South Dakota. Doc. 1 at ¶ 1. CHS is a corporation incorporated under the laws of Minnesota, with its primary place of business in Minnesota. Doc. 1 at ¶ 2. More than $75,000 is legitimately at stake, triggering diversity jurisdiction under 28 U.S.C. § 1332.

CHS is in the business of designing, selling, marketing, transporting, and distributing propane gas. Doc. 1 at ¶ 15. CHS was the provider of propane gas to Van Dyke's house. Doc. 1 at ¶ 16. In its natural state, propane gas is odorless, colorless, and highly flammable. Doc. 1 at ¶ 8. Because of the reasonably foreseeable dangers associated with the use of propane gas, it is customary to add a marking odorant, ethyl mercaptan. Doc. 1 at ¶ 9. This marking odorant can fade after exposure to other materials or may be masked by competing odors. Doc. 1 at ¶ 10. According to Cashman's Complaint, because the marking odorant can easily fail, a propane gas detector is ordinarily used in conjunction with the use of propane gas. Doc. 1 at ¶ 28. CHS did not supply a propane gas detector for Van Dyke's house. Doc. 1 at ¶ 30.

On October 12, 2007, undetected propane gas accumulated in Van Dyke's house. Doc. 1 at ¶ 12. This gas ignited and exploded into flames consuming Van Dyke's house and causing extensive damage to the neighboring house of Marguerite Cashman. Doc. 1 at ¶ 12. In 2009, Marguerite Cashman brought suit against Van Dyke alleging negligence, strict liability, and res ipsa loquitur in South Dakota state court. Cashman v. Van Dyke, 2012 SD 43, ¶ 4, 815 N.W.2d 308, 310. During discovery in Cashman v. Van Dyke, Cashman learned of actions by CHS

which allegedly led to the fire. Doc. 1 at ¶ 23. On January 23, 2013, Cashman filed the present suit alleging that CHS is strictly liable for the Van Dyke home explosion and resulting damages to the Marguerite Cashman home. Doc. 1 at ¶¶ 18, 30. CHS filed a motion for judgment on the pleadings, claiming that the three-year statute of limitations has run under SDCL 15-2-12.2. Doc. 6.

## II. Discussion

### A. Judgment on the Pleadings Standard

"Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). On a motion for judgment on the pleadings, materials outside the pleadings must be ignored, but if certain materials are part of the public record or are necessarily embraced by the pleadings, the court may consider them. Id. "When evaluating a motion for judgment on the pleadings, a court must accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006).

### B. Statute of Limitations

In this diversity jurisdiction case, South Dakota law governs and supplies the statute of limitations. Sieg v. Karnes, 693 F.2d 803, 804-05 (8th Cir. 1982). The statute of limitations for a products liability claim in South Dakota is three years as set forth in SDCL 15-2-12.2:

> An action against a manufacturer, lessor, or seller of a product, regardless of the substantive legal theory upon which the action is brought, for or on account of personal injury, death, or property

> damage caused by or resulting from the manufacture, construction, design, formula, installation, inspection, preparation, assembly, testing, packaging, labeling, or sale of any product or failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product may be commenced only within three years of the date when the personal injury, death, or property damage occurred, became known or should have become known to the injured party.

SDCL 15-2-12.2. In South Dakota, a lawsuit is commenced upon the service of a summons. SDCL 15-2-30. Therefore, for this action to be timely, CHS must have received service of a summons in this case within three years of date when the "property damage occurred, became known or should have become known" to Cashman. SDCL 15-2-12.2.

The damage became known or should have become known to Cashman when the fire occurred on October 12, 2007, damaging the Marguerite Cashman home. See Moore v. Michelin Tire Co., 1999 SD 152, ¶ 22, 603 N.W.2d 513, 519 (determining that the accident date is when the injury became known and the cause of action accrued). At the very latest, the damage was known in 2009 when Marguerite Cashman brought suit against Van Dyke. Cashman, 2012 SD 43, ¶ 4, 815 N.W.2d at 310. Once a cause of action has accrued, neither death nor disability will suspend the running of the statute of limitations. 51 Am. Jur. 2d Limitations of Actions § 219 (2011). The cause of action against CHS thus accrued when the property damage "became known or should have become known" to Marguerite Cashman. SDCL 15-2-12.2. As personal representative, Cashman received this cause of action uninterrupted, with the statute of limitations running from the date of accrual. Cashman did not serve a summons on CHS until January 23, 2013, well past the three year time limitation in SDCL 15-2-12.2. Because Cashman

should have known about the damage in October of 2007, and must have known in 2009, the suit commenced in 2013 is barred by the three-year limitation under SDCL 15-2-12.2.

Cashman nevertheless argues that the actions of CHS were not known until September 30, 2010, when Marguerite Cashman received some discovery in the state court case Cashman v. Van Dyke, and therefore service of the summons on January 23, 2013 was within the three-year statute of limitations. Doc. 1 at ¶ 13. However, a "cause of action against a manufacturer accrues when the . . . injury becomes known or should become known to the injured party." Moore, 1999 SD 152, ¶ 22, 603 N.W.2d at 519 (citing SDCL 15-2-12.2). What triggers the running of SDCL 15-2-12.2 is that the injured party knows or should know that the damage has occurred, not full knowledge of exactly how and why an event occurred. See SDCL 15-2-12.2.

### C. Relation Back Argument

Cashman contends that this case is preserved from the three-year statute of limitations because it relates back to the 2009 state court suit of Cashman v. Van Dyke under SDCL 15-6-15(c). SDCL 15-6-15(c) is akin to Rule 15(c) of the Federal Rule of Civil Procedure. Relation back is an issue "of procedure and is controlled by the Federal Rules of Civil Procedure." Crowder v. Gordons Transps., Inc., 387 F.2d 413, 416 (8th Cir. 1967). Rule 15(c) of the Federal Rules of Civil Procedure in "[i]ts plain language makes clear that it applies not to the filing of a new complaint, but to the filing of an amendment stating a claim which arose out of the conduct set forth in the original pleading." Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 994 (8th Cir. 1989) (internal citation and quotation marks omitted). Cashman is not amending the prior state court action to name CHS as a defendant, but has started a new federal

5

court case. Thus, Rule 15(c) does not cause Cashman's complaint in this case to relate back to the time of the filing of the state court case against Van Dyke.

Some jurisdictions allow for state law in a diversity jurisdiction case to save a claim if the state law affords a more forgiving principle of relation back. See Saxton v. ACF Indus., Inc., 254 F.3d 959, 962 (11th Cir. 2001). However, SDCL 15-6-15(c), like Rule 15(c), clearly states that relation back only applies to amendments of a pleading. SDCL 15-6-15(c). Thus, neither Rule 15(c) of the Federal Rules of Civil Procedure nor SDCL 15-6-15(c) allow the Complaint filed in 2013 in this case to relate back to a separate state court complaint filed against a different party in 2009.

**D. Fraud Argument**

Cashman argues that the statute of limitations is tolled because of fraudulent concealment by CHS and cites to SDCL 15-2-3. Doc. 11 at ¶ 5. Under SDCL 15-2-3, in "an action for relief on the ground of fraud the cause of action shall not be deemed to have accrued until the aggrieved party discovers, or has actual or constructive notice of, the facts constituting the fraud." Rule 9(b) of the Federal Rules of Civil Procedure requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." A specific pleading of fraud is to "include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995) (internal citation and quotation marks omitted). "One of the main purposes of the rule is to facilitate a defendant's ability to respond and to prepare a defense to

6

charges of fraud." Id. The closest Cashman's Complaint comes to suggesting fraud is the recurrent allegation that "Defendant kept facts regarding its potential liability from the Plaintiff." Doc. 1 at ¶¶ 13, 23, 32, 35. Cashman's Complaint did not identify any of the circumstances of fraud that must be pleaded with particularity in order for CHS to properly prepare a defense. Because no allegation of fraud was pleaded with any particularity, let alone the particularity required under Rule 9(b), the statute of limitations is not tolled under SDCL 15-2-3.

Rather than relying on the Complaint, Cashman bases the fraud claim on an affidavit of his attorney, filed in resistence to CHS's motion. When ruling on a motion for judgment on the pleadings, a court draws the facts from the pleadings, but may consider materials that are part of the public record necessarily embraced by the pleadings. Faibisch, 304 F.3d at 802-03. Affidavits presenting new theories of the case are not typical or contemplated when a motion for judgment on the pleadings is filed. To consider evidence outside the pleadings, the court must under Rule 12(d) treat the motion "as one for summary judgment under Rule 56." Cashman does not argue that this Court should treat the motion as a summary judgment motion and has not sought to amend the Complaint. The affidavit of Cashman's attorney is outside of pleadings to be considered in ruling on a motion for judgment on the pleadings.

Even if the affidavit of Cashman's attorney is considered, the allegation of fraud still fails. First, Cashman's reliance on SDCL 15-2-3 is misplaced because SDCL 15-2-3 applies only to "an action for relief on the ground of fraud . . . ." In order for fraud to toll the statute of limitations under SDCL 15-2-3, the party must assert a claim seeking relief based upon fraud. Sisney v. Best, Inc., 2008 SD 70, ¶ 10, 754 N.W.2d 804, 809-10. Cashman is not making a fraud claim in the Complaint. Doc. 1.

Second, the affidavit of Cashman's attorney does not contain allegations sufficient to set forth a fraud claim. The required elements of actionable fraud in South Dakota are (1) "that a representation was made as a statement of fact which was untrue and known to be untrue by the party making it, or else recklessly made;" (2) "that it was made with intent to deceive and for the purpose of inducing the other party to act upon it;" (3) "and that he did in fact rely on it and was induced thereby to act to his injury or damage." N. Am. Truck & Trailer, Inc. v. M.C.I. Commc'n Servs., Inc., 2008 SD 45, ¶ 8, 751 N.W.2d 710, 713 (quoting Northwest Realty Co. v. Colling, 147 N.W.2d 675, 683 (S.D. 1966)). The affidavit of Cashman's attorney states that counsel for CHS said that CHS had settled with Van Dyke, that CHS's investigation suggested that Van Dyke had been doing something with the furnace that led to the explosion, and that CHS's attorney thought the settlement agreement required Van Dyke to handle all other claims arising from the fire. Doc. 10 at ¶¶ 4-5. Even if these matters had been alleged in the Complaint, the matters in the affidavit fall short of satisfying all elements of a viable cause of action for fraud.

Third, there is no fraudulent concealment even taking the content of the affidavit as true because "[p]ersons with knowledge of the basic operative facts cannot claim concealment." Glad v. Gunderson, Farrar, Aldrich & DeMersseman, 378 N.W.2d 680, 683 (S.D. 1985). Cashman was aware of the basic operative facts of his cause of action at the very latest in 2009 when a suit was filed against Van Dyke. Indeed, a house fire is a rather obvious form of notice that "property damage occurred, became known or should have become known to the injured party." SDCL 15-2-12.2. CHS was not concealing that it supplied gas to the Van Dyke home, a fact Cashman knew. Indeed, the attachment to the affidavit, Doc. 10-2, reveals that Cashman's attorney made

a strategic decision to leave CHS out of his state court case and notified Van Dyke's counsel on May 17, 2010 as follows: "I don't know what CHS supposedly did to cause this accident. If they are the responsible party, then Darrick [Van Dyke] needs to bring them into the case." Doc. 10-2. So, even if the affidavit of Cashman's counsel is considered, the three year time period has run and the claim filed in this Complaint in 2013 is barred.

**III. Order**

For the reasons explained above, it is hereby

ORDERED that the Defendant's Rule 12(c) Motion for Judgment on the Pleadings, Doc. 6, is granted.

Dated June 6th, 2013.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE